## LOUISVILLE & SOUTHERN INDIANA TRACTION COMPANY *v.* SHORT.

[No. 6,178.    Filed January 9, 1908.    Rehearing denied March 11, 1908.    Transfer denied April 23, 1908.]

1. PLEADING.—*Complaint.—Interurban Railroads.—Killing Children on Streets.*—A complaint alleging that defendant interurban railroad company negligently ran its car, provided with a defective brake, at an excessive speed, in violation of a city ordinance, and without any warning, over plaintiff's child six years old, when such child was in plain view for a quarter of a mile, causing the death of such child, states a cause of action.    p. 572.

2. SAME.—*Complaint.—Interurban Railroads.—Negligent Acts.—Joint or Several.*—A complaint alleging that defendant interurban railroad company ran its car at an excessive speed, in violation of a city ordinance, and without warning, over a child in plain view for a quarter of a mile, and that the brake and vestibule of such car were defective, states several and not joint acts of negligence, the proof of any one of which entitles plaintiff to a verdict.    p. 573.

3. SAME.—*Complaint.—Several Acts of Negligence Alleged in Same Paragraph.—Proof.*—It is proper in an action based upon the commission of divers acts of negligence, to include all of them in one paragraph, and proof of one of such acts is sufficient.    p. 573.

4. TRIAL.—*Instructions.—Several Acts of Negligence.—Proof of One.*—An instruction that if plaintiff proves one of several acts of negligence alleged, and that such one, independent of the others, was the proximate cause of the injury, the plaintiff should recover, is correct.    p. 573.

5. SAME.—*Instructions.—Remarks of Court.*—The criticism that the court told the jury that the several paragraphs of the complaint were substantially the same, is not well taken, where no such statement appears in any of the instructions.    p. 574.

6. SAME.—*Instructions.—Contributory Negligence.—Interrogatories.—Appeal.*—An instruction stating that if defendant interurban railroad company committed the negligent acts alleged, and saying nothing of contributory negligence, the plaintiff should recover, is erroneous; but such error is not reversible, where the answers to the interrogatories show that plaintiff was not negligent.    p. 574.

7. SAME.—*Instructions.—Burden of Proof.—Contributory Negligence.*—An instruction, in a personal injury case, that the burden of establishing contributory negligence is on the defendant, is correct.    p. 574.

8. SAME.—*Instructions.—Applicability to Evidence.—Interurban Railroads.—Defective Brakes.*—An instruction stating the duty of an interurban railroad company in providing brakes is not in-

applicable to the evidence, where such evidence showed that the car ran 150 feet after the brake was applied, such fact being evidence of a defect. p. 575.

9. TRIAL.—*Instructions.—Interurban Railroads.—Ringing Gongs Between Streets.*—An instruction that if the motorman of an interurban car failed to sound his gong between the street crossings, such fact would not charge the company with negligence, is properly refused. p. 575.

10. SAME. — *Instructions. — Interurban Railroads.—Operation of Cars Without Fenders.*—An instruction that it does not constitute negligence for an interurban railroad company to run its cars without fenders, is properly refused. p. 575.

11. INTERURBAN RAILROADS.—*Killing Child on Street.—Negligence. —Contributory.*—Where there was evidence showing that as a child six years old was crossing the interurban railroad track, the motorman of the approaching car, running at an excessive speed, his car having no fender and a defective brake, ran his car over such child, a verdict for plaintiff is justifiable. p. 576.

12. NEGLIGENCE.—*Contributory.—Measure of Negligence in a Child.* —Failing to anticipate the negligent operation of a street-car is not necessarily negligence in an adult, and the standard by which the conduct of a child is measured is not so high as that applied to the adult. p. 576.

13. DAMAGES.—*Excessive.—Death of Child.*—A verdict for $2,250 for the death of a child six years old, is not excessive. p. 576.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Edward S. Short against the Louisville & Southern Indiana Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George H. Voigt* and *Charles D. Kelso,* for appellant.

*George H. Hester* and *James W. Fortune,* for appellee.

ROBY, C. J.—Action by appellee to recover damages on account of the death of his infant son, alleged to have been caused by the negligence of appellant in operating a street-car upon its line. The complaint was in six paragraphs. The answer was a denial. The issue was submitted to a jury, and verdict rendered against appellant for $2,250, with answers to interrogatories. Appellant's motions for judgment on the answers to interrogatories and for a new trial were overruled, and judgment rendered upon the verdict.

It is averred in each paragraph of the complaint that ap-

pellant, on April 2, 1904, operated a single-track railway along Main street, in the city of New Albany, for a distance of about two miles; that said street is practically straight; that for one-half mile, between State and Eighth streets, it is straight and level, and in a populous and thickly settled part of the city; that about 5:30 o'clock p. m. of said day a certain car operated by appellant struck and killed appellee's son, and that such death was due to the negligence of appellant's servants in the operation of said car. The negligent acts set up in the first paragraph are that the car was run at a dangerous and unreasonable rate of speed; that it was by ordinance of said city made unlawful to run a street-car within the limits of said city at a greater rate of speed than ten miles an hour, and that the car in question was run at a greater rate of speed than ten miles an hour; that the car was a long and cumbersome car of great weight, and it was defective in that the only means of stopping it was a hand brake to be used by the motorman; that such brake was insufficient when the car was run at an ordinary rate of speed, and especially insufficient when it was run at a high rate of speed, and that there was no means of stopping or checking it except by the use of such insufficient hand brake. It is also averred that appellee's son started to cross said street and appellant's track where the same was level and straight for one-quarter of a mile each way; that he was in plain view of the motorman, and that said car was run to a point within fifty feet of him at said high rate of speed, and until it was too late to stop the same. It is also averred that the son was six years of age and of such immature judgment and experience that he was incapable of negligence, and did not comprehend or appreciate the danger of the situation, and that no bell was sounded or other warning given.

In the second paragraph these charges are repeated, with the additional ones that there was no fender or guard on the front of the car; that its vestibule did not afford the motor-

man a proper lookout, and these charges are repeated in slightly varying combinations throughout the other paragraphs, in some of which the child is averred to have been *non sui juris*, other paragraphs being silent upon the subject.

Each paragraph was sufficient, and the demurrers thereto were correctly overruled. The acts of negligence charged are, as is sufficiently shown by the summary given, 2. not dependent upon one another, and the principle which ruled in *Terre Haute, etc., R. Co. v. McCorkle* (1895), 140 Ind. 613, is not, therefore, applicable at any stage of the case. *New York, etc., R. Co. v. Flynn* (1908), *ante,* 501; *Ft. Wayne, etc., Traction Co. v. Crosbie* (1907), 169 Ind. 281; *New York, etc., R. Co. v. Callahan* (1907), 40 Ind. App. 223.

The court also overruled motions by appellant to require appellee to separate the several causes of action stated in the different paragraphs of complaint. These motions 3. were also properly overruled. The complaint as filed contained an unnecessary number of paragraphs, but the particular acts and omissions relied upon were clearly specified, the defendant notified thereby of the issue it would be called upon to meet, and nothing further is required. *Chicago, etc., R. Co. v. Wolcott* (1895), 141 Ind. 267, 272, 50 Am. St. 320. A plaintiff may aver much and prove enough. *Long v. Doxey* (1875), 50 Ind. 385; *Gould Steel Co. v. Richards* (1903), 30 Ind App. 348; *Indianapolis St. R. Co. v. Slifer* (1905), 35 Ind. App. 700.

Other questions discussed are presented by the assignment that the court erred in overruling the motion for a new trial. The third instruction was to the effect 4. that it was not necessary to a recovery that the plaintiff prove all the acts of negligence set up in his complaint, unless the injury would not have occurred but for the happening of them jointly; and "if, therefore, you find from the evidence that the defendant at the time of the accident was negligently running the car which killed plain-

tiff's son, at an excessive rate of speed, or failed to sound a gong or bell for the purpose of giving warning to travelers, or failed to check the speed of the car after the motorman thereon discovered the perilous position of the child, if he was in such position, or failed to have the car properly equipped; and if you further find that any one of these facts was sufficient to and did bring about the death of said child independent of any other, you will be warranted in finding actionable negligence on the part of the defendant, and your verdict should be for the plaintiff, if said child was not, at the time, at fault.''

The question of negligence was by this instruction properly left to the jury, while as shown by the authorities before cited the plaintiff was not necessarily required to prove each independent act of negligence charged in the complaint.

5. The criticism that the court told the jury that all six of the paragraphs were substantially the same is not well taken, such statement not appearing in the instruction.

It is objected that the negligence of appellee is a bar to the action, and that the absence of such negligence was necessary to a verdict for him. This is correct. *Indianapolis St. R. Co.* v. *Antrobus* (1904), 33 Ind. App. 663. The instruction contained no reference to appellee's conduct, and therefore was erroneous in directing a verdict for plaintiff upon the facts enumerated. The error is not a reversible one, for the reason that the answers to interrogatories show that appellee was not negligent. *Baum* v. *Palmer* (1905), 165 Ind. 513.

7. In the fourth instruction the jury were told that the burden of establishing contributory negligence was on the defendant. This is the statute. Acts 1899, p. 58, §362 Burns 1908. And see *New Castle Bridge Co.* v. *Doty* (1906), 37 Ind. App. 84; *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259.

Instruction six given has reference to the duty of appel-

lant to equip its cars so that they could be controlled and stopped. It is conceded that the instruction stated

8. the law abstractly, but it is contended that it was wholly inapplicable to the evidence; that there was evidence to the effect that the car ran 150 feet after the brake was applied. Such fact was relevant to the question of equipment, and tended to show that the brake or other equivalent apparatus was ineffective. *Indianapolis St. R. Co.* v. *Bordenchecker* (1904), 33 Ind. App. 138; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Wolfe* v. *McMillan* (1889), 117 Ind. 587, 593; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, 388. There being contradictory evidence upon the subject, appellee was entitled to an instruction upon his hypothesis.

Instruction eleven given contained a correct statement upon the subject of the measure of damages. *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545, 548. The objection to instruction twelve is based upon *Chicago, etc., R. Co.* v. *Thrasher* (1905), 35 Ind. App. 58. This case is not authority. *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324.

Instruction one, requested by appellant, would, if given, have taken the question of defendant's negligence in failing to sound a gong or ring a bell, away from the jury.

9. It stated "that if the motorman did not sound the gong or ring the bell between the street crossings such fact would not charge the defendant with negligence." Whether the conditions were such as to render the omissions referred to negligent, was, under the evidence, a question for the jury, and the court did not err in refusing to take it from them. The second requested instruction is to the effect that it was not negligence in the defendant

10. to operate its cars without fenders. This was also a question of fact. The fifth instruction requested was argumentative in form, and should have been refused for that reason if for no other.

There is evidence supporting the verdict. The child was crossing appellant's track on Main street, and was struck by its car running at an excessive rate of speed, without apparent concern or precaution. Said car was not provided with a fender. There was evidence that its brakes were in good condition, but there were circumstances justifying a contrary inference. An adult is not necessarily negligent in failing to anticipate the negligent operation of a street-car, and the standard by which the conduct of a child is measured is not so high as that applied to the action of an adult. *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426. The jury was justified in finding that the casualty was entirely due to appellant's negligence. It is extremely easy for companies operating street-cars to avoid liability for damages on account of such occurrences as the one in question, and also to avoid killing either children or adults. This they can do by simply running cars at moderate speed, and keeping them under reasonable control. The necessity of rapid transit will be more completely served by moderate speed and a sufficient number of cars properly controlled than by fewer cars recklessly run.

The amount of the verdict and judgment is not so great as to induce the conclusion that the jury acted through partiality or corruption, and the judgment is therefore affirmed.