NOVEMBER TERM, 1911.        283

Cincinnati, etc., St. R. Co.  *v.*  Baltimore, etc., R. Co.—50 Ind. App. 283.

## CINCINNATI, LAWRENCEBURG AND AURORA ELECTRIC STREET RAILROAD COMPANY *v.* BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY.

### [No. 7,616.  Filed April 25, 1912.]

1. PLEADING.—*Complaint.—Construction.*—A complaint must be construed with reference to the requirement of §343, subd. 2, Burns 1908, §338 R. S. 1881, that the action shall be stated in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.  p. 284.

2. NEGLIGENCE.— *Damage to Property.— Complaint.— Negativing Contributory Negligence.*—In an action for damage to property caused by defendant's negligence, the complaint must allege not only that defendant was negligent, but that such negligence was the proximate cause of the accident, and that plaintiff was free from contributory negligence.  p. 285.

3. RAILROADS.—*Crossing Accident.—Damage to Property.—Negligence.—Complaint.*—A complaint alleging that defendant's passenger-train, in approaching a street crossing at a speed of twenty miles an hour and in violation of a city ordinance forbidding passenger-trains to be run at a greater speed than twelve miles per hour, collided with plaintiff's car and that if the train had been running at a rate of speed not exceeding twelve miles per hour, the employes in charge thereof could have seen plaintiff's car on the crossing and the signals of plaintiff's employes in time to have stopped said train before striking the car, sufficiently charges actionable negligence.  pp. 285, 287.

4. RAILROADS.—*Operation.—Municipal Regulations.*—Railroad companies and their servants owe obedience to municipal ordinances relative to the running of locomotives and trains, intended to protect the lives and property of persons.  p. 287.

5. RAILROADS.—*Crossing Accident.—Damage to Property.—Contributory Negligence.—Complaint.*—In an action against a railroad company to recover for the destruction of plaintiff's interurban car in a crossing accident, where the complaint alleged that the collision occurred within five minutes after the trolley-wheel of plaintiff's car became disconnected from the trolley-wire and caused the car to remain standing upon the crossing, that plaintiff's employes used all means within their power to replace the trolley-wheel and move the car off the crossing, but were unable to do so in time to prevent the collision, and that when defendant's train was heard approaching said employes ran toward it

284 APPELLATE COURT OF INDIANA,

Cincinnati, etc., St. R. Co. *v.* Baltimore, etc., R. Co.—50 Ind. App. 283.

"waiving their arms and hallooing," but could not attract the attention of the persons in charge thereof in time to stop it and avoid the collision, the question of whether unnecessary time was consumed in endeavoring to move the car before leaving it to signal the train to stop, as well as the acts of plaintiff's employes in signalling the train to stop, were proper matters to be considered upon a trial in determining whether plaintiff was guilty of contributory negligence, but could not as a matter of law override and control the direct allegation of the complaint that the collision occurred through no fault of the plaintiff, its agent or employes. p. 287.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by the Cincinnati, Lawrenceburg and Aurora Electric Street Railroad Company against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Frank B. Shults* and *Martin J. Givan,* for appellant.

*Edward Barton, R. S. Alcorn, McMullen & McMullens,* for appellee.

MYERS, J.—This was an action for damage to property caused by a collision between one of appellee's locomotives and one of appellant's interurban cars.

Appellee's demurrer for want of facts to appellant's amended second paragraph of complaint was sustained. The first paragraph was dismissed, and appellant refusing to plead further, the court rendered judgment in favor of appellee.

The sustaining of the demurrer is assigned as error.

The pleading is before us for review, and must be construed with reference to the legislative requirements that it shall contain "a statement of the facts constituting

1. the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." §343 subd. 2 Burns 1908, §338 R. S. 1881.

The nature of this action made it necessary for appellant to allege and prove not only that appellee was negligent, but

2. that such negligence was the proximate cause of the accident, and that appellant was free from contributory negligence. *Cincinnati, etc., St. R. Co.* v. *Klump* (1906), 37 Ind. App. 660, 77 N. E. 869.

It appears from the paragraph in question that on February 26, 1908, appellant was, and for two years prior thereto had been, operating an interurban electric railroad 3. along and on George street, in the city of Aurora, and that during all of said time appellee was engaged in operating a steam railroad through said city, crossing the tracks of appellant on said street; that between 7 and 8 o'clock p. m. on said day, one of appellant's cars in charge of a conductor and motorman, and equipped with a trolley-pole and wheel connecting it with an overhead trolley-wire, charged with a high voltage of electricity, stopped at a point on said street within the corporate limits of said city, where the tracks of appellant and appellee cross each other, by reason of said wheel becoming disconnected from the trolley-wire; that the equipment and appliances of said car, including the wheel and trolley-pole, were the best and most approved in use by such interurban companies; that at the time aforesaid, and for years prior thereto, an ordinance adopted by the common council of said city was in full force and effect, making it unlawful for any engineer or other person in charge of a locomotive engine, or operating the same on any railroad within the corporate limits of said city, to permit the same to run or to be run, if attached to a passenger-train, at a greater rate of speed than twelve miles per hour; "that within five minutes" after said car stopped on said railroad crossing, one of appellee's passenger-trains, drawn by a locomotive engine, operated by an engineer and fireman, the servants and employes of appellee, approached said crossing on George street from the west, within the corporate limits of said city, at a high, dangerous and unlawful rate of speed, to wit, twenty miles per hour, and over and on said public street and against appellant's said car

standing on said crossing, thereby knocking it off the track and demolishing it, to appellant's damage; that said car was destroyed and demolished as aforesaid, and appellant damaged by reason thereof through no fault or negligence on its part, or on the part of its said agents, employes or servants in charge of said car; that appellant sustained said damage on account of the destruction of said car by reason of the unlawful and negligent act of appellee in running its locomotive and passenger-train within the corporate limits of said city at a high, dangerous and unlawful rate of speed of twenty miles per hour, and not otherwise; that appellant's servants in charge of said car were not able to move it from said railroad crossing until the trolley-wheel was put in position against said wire carrying the electricity; that when said car stopped as aforesaid, said employes of appellant "used all means within their power by trying to replace said trolley pole upon said wire and thereby convey power to said car and move said car from off of said railroad crossing, but were unable so to do in time to prevent the collision;" that they did not know or could not have known by the exercise of ordinary diligence that appellee was running its said locomotive engine and train towards said crossing at the unlawful rate of speed of twenty miles per hour, but as soon as they heard the noise of the approaching locomotive and passenger-train toward said crossing, and when at a distance of 1,000 feet from the crossing, appellant's said employes ran down appellee's railway right of way toward said approaching train, "waving their arms and hallooing to attract the attention of defendant's said servants running said train, but, owing to the rapidity with which said defendant's locomotive engine and train of passenger-cars approached said crossing, said servants of said plaintiff could not give said notice to the agents, servants and employes of said defendant in charge of said locomotive engine and passenger-train in time to enable them to stop said engine and train before run-

NOVEMBER TERM, 1911.      287

Cincinnati, etc., St. R. Co.  *v.*  Baltimore, etc., R. Co.—50 Ind. App. 283.

ning said engine against said car of said plaintiff standing on said railroad crossing;'' that had appellee's employes in charge of said locomotive engine and train run the same within the corporate limits of said city, at a rate of speed not exceeding twelve miles per hour, they could have seen said car on said crossing, and the signals aforesaid of appellant's employes to stop said train, and brought said locomotive and train to stop before striking said car; that the destruction of said interurban car was caused by the negligence and unlawful acts of appellee's employes in charge of said locomotive engine and train, and that appellant or its said employes were not guilty of any negligence contributing to said collision.

The ordinance of the city of Aurora relative to the running of locomotives and trains within the corporate limits of that city, was intended as a safeguard to the lives and property of persons. It was a law to which appellee and its servants both owed obedience. *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364, 371, 59 N. E. 1044. By its terms a duty was imposed on appellee not to run a locomotive or passenger train within said city limits at a greater speed than twelve miles an hour. The paragraph in question charges appellee with a violation of that duty, and injury to appellant's property as the proximate cause of such violation. The pleaded facts were clearly sufficient to charge appellee with actionable negligence. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 71 N. E. 660; *Pennsylvania Co.* v. *Stegemeier* (1889), 118 Ind. 305, 20 N. E. 843, 10 Am. St. 136.

The next question is, Does the paragraph in question negative contributory negligence? This question must be answered in the affirmative, unless the showing that the collision occurred ''within five minutes'' after the car stopped, or unless it can be said that appel-

lant's servants and employes in not signaling the train when at a distance from the crossing, nor in time for it to stop and avoid the collision, constitute negligence.

The allegation as to time is less than five minutes. How much less does not appear, but it is, in effect, shown that the employes in charge of the car were not able to move it except by means of power obtained by replacing the trolley-wheel on the trolley-wire, which, as soon as the car stopped, they endeavored to do by the use of all means within their power. This court does not judicially know the length of time required to replace a trolley-wheel on an overhead trolley-wire under all conditions and circumstances. If the connection was to be made in the nighttime, as in this case, the length of time required might vary by persons equally skilled in the business, depending on their ability to see, on account of the light or darkness of the night, and other conditions necessary to be considered in determining the fact whether unnecessary time was consumed in the endeavor to move the car before leaving it to signal the train to stop. The question thus presented, as well as the acts of appellant's employes in signaling the train to stop, were all proper matters for consideration on a trial in determining the fact whether appellant was guilty of contributory negligence, but they are not sufficient as matters of law to override and control the direct allegation that the collision occurred "through no fault or negligence upon the part of said plaintiff or upon the part of said plaintiff's said agents, employes or servants in charge of the running of said car."

The paragraph stated a cause of action.

Judgment reversed, with instruction to overrule appellee's demurrer, and to further proceed with the case.

NOTE.—Reported in 98 N. E. 304. See, also, under (1) 31 Cyc. 73; (2) 29 Cyc. 572, 575; (3) 33 Cyc. 745; (4) 33 Cyc. 648; (5) 33 Cyc. 750. As to breach of statutory duty, in respect of speed of trains, as negligence, see 36 Am. St. 817. Upon the rate of speed preventing stoppage of trains within distance disclosed by headlight, see 39 L. R. A. (N. S.) 978.