## PUBLIC UTILITIES COMPANY *v.* HANDORF.

[No. 22,699.   Filed May 22, 1916.   Rehearing denied October 26, 1916.

1. STREET RAILROADS.—*Collision at Street Crossing with Fire Apparatus.*—*Action for Damages.*—*Complaint.*—*Sufficiency.*—In an action for damages for personal injuries sustained in a collision between a street car and a fire department wagon upon which the plaintiff, a city fireman, was riding to a fire, a complaint containing allegations that the plaintiff at the time of the accident was in the discharge of his duty as a fireman; that the defendant, a street car company, was running its car at a greater rate of speed than permitted by the city ordinance; that it violated a duty in not stopping its car when it had notice of a fire; that it disregarded a city ordinance compelling it to give the right of way to the fire apparatus; and that while so operating the car it came into collision with the wagon upon which the plaintiff was riding, thus causing his injury, together with specific allegations of negligence, is sufficient as against demurrer.   p. 261.

2. NEGLIGENCE.—*Violation of Statute or Ordinance.*—*Negligence Per Se.*—The violation of a statute or city ordinance is negligence *per se.*   p. 261.

3. EVIDENCE.—*Expert Witness.*—*Qualifications.*—No standard exists by which to determine the qualifications of an expert witness. p. 262.

4. EVIDENCE.—*Expert Witness.*—*Weight of Testimony.*—*Jury Question.*—The weight of the testimony of an expert witness is a matter for the consideration of the jury, and this may be determined with reference to the extent of his knowledge and experience.   p. 262.

Public Utilities Co. *v.* Handorf—185 Ind. 254.

5.  APPEAL.—*Evidence.—Expert   Witness.—Qualifications.—Discretion of Court.*—The question as to when a witness is qualified to give an opinion as an expert is in the discretion of the trial court, and its decision will not be disturbed unless it is shown that the court abused that discretion.  p. 262.

6.  EVIDENCE.—*Expert Witness.—Hypothetical Question.*—The opinion of an expert, when sought on a hypothetical question, should be based on facts which the evidence in the case tends to provde p. 263.

7.  EVIDENCE.—*Expert   Witness.—Hypothetical   Question.*—When there is evidence tending to prove facts either directly or by logical inference; the court may permit the expert witness to give an opinion on the state of facts as shown by the evidence introduced. p. 263.

8.  EVIDENCE.—*Hypothetical Facts.—Questions for Jury.*—Whether the facts as stated in a hypothetical question have been established by a fair preponderance of the evidence is for the jury to decide in determining what weight will be given to the testimoney of an expert witness.  p. 263.

9.  TRIAL.—*Peremptory Instructions.—What Constitutes.*—Instructions which do not assume to direct the verdict or set out all the facts necessary to a recovery are not peremptory.  p. 263.

10.  TRIAL.—*Instructions.—Omissions.*—It is only where an instruction assumes to set out all the elements necessary to a recovery that the omission of any essential element will condemn the instruction.  p. 263.

11.  TRIAL.—*Instructions.—Construed   as   a   Whole.*—Instructions complained of as erroneous must be construed in connection with all the instructions given, and, if taken as a whole, they correctly state the law, they are not objectionable.  p. 264.

12.  STREET RAILROADS.—*Collision with Fire Apparatus at Street Crossing.—Last Clear Chance.—Evidence to Present Issue.*—In an action for damages by a city fireman against a street railway company for personal injuries sustained in a collision between a street car and a fire apparatus, evidence tending to prove that the motorman' knew that the hook and ladder truck was coming upon the street-car track and was about to cross the street when the car was at such a distance from the street crossing that it could have stopped in time, in the exercise of ordinary care, to have avoided the collision was sufficient to present the issue of last clear chance.  p. 264.

13.  STREET   RAILROADS.—*Collisions.—Defective   Car.—Evidence.*— In an action against a street railway company for damages under a complaint alleging that the defendant was operating a defective car at the time of the accident, evidence that the car was defective in that it failed to come to a stop when the power was reversed or the brakes set was sufficient to present to the jury an issue of fact as to the condition of the car, and it was not improper for the trial court to instruct as to the law governing such facts.  p. 265.

14. TRIAL.—*Instructions.*—*Invading Province of Jury.*—In an action for personal injuries, an instruction setting forth the allegations of the complaint, which specifically charged the defendant with negligence, but which instruction did not indicate the caused of plaintiff's injury, is not objectionable as informing the jury that the negligence charged was the proximate cause of the injury. p. 266.

15. TRIAL.—*Instructions.*—*Invading Province of Jury.*—In an action for personal injuries, an instruction to find for the plaintiff if every material allegation of the complaint is sustained by a preponderance of the evidence, including some one or more of the acts' of negligence charged, unless the plaintiff was found to be guilty of contributory negligence, is not erroneous as directing the jury to find for the plaintiff. p. 266.

16. TRIAL.—*Instructions.*—*Repetition.*—In an action for injuries sustained by the plaintiff in a collision between a street car and a hook and ladder truck, several instructions as to the duty of a street-car motorman in approaching a street crossing and the degree of care to be exercised in operating the car, while in part repetition, are held not to so unduly emphasize the matter as to constitute reversible error. p. 266.

17. TRIAL.—*Instructions as to Damages.*—*Repetition.*—In an action for personal injuries, the giving of a number of instructions on the subject of damages is held not to be such repetition as to unduly emphasize the matter where each of such instructions treats of some different phase of the elements of damages. p. 267.

18. APPEAL.—*Instruction.*—*Harmless Error.*—In an action for personal injuries sustained in a collision between a street car and a fire wagon, an instruction that under the city ordinance the fire apparatus had no superior right to the street was not prejudicial to the defendant for failure to explain such ordinances where the instruction was unduly favorable to defendant in that a city ordinance actually provided that fire apparatus should have the right of way over all other vehicles. p. 267.

19. APPEAL.—*Evidence.*—*Weight and Sufficiency.*—Where there is some evidence to support every material allegation of the complaint, the court on appeal cannot weigh it to determine its preponderance. p. 268.

20. DAMAGES.—*Excessive Damages.*—*Personal Injuries.*—A verdict for $10,000 in a personal injury case is not excessive where there was evidence to show that the plaintiff had sustained a fractured jaw on the right side of the face, a dislocation of the lower jaw which became paralyzed, numerous injuries about the body, loss of speech, etc., and that he was confined to the hospital for a number of weeks and still required medical attention at the time of the trial. p. 268.

21. DAMAGES.—*Amount of Recovery.*—*Review on Appeal.*—In a personal injury case it is for the jury to determine the extent of

the plaintiff's injuries, and unless it is apparent that it acted from an improper motive or was improperly influenced, or that it based its verdict on improper elements, the court on appeal cannot disturb the judgment.    p. 268.

From Warrick Circuit Court; *E. M. Swan,* Special Judge.

Action by Lee Handorf against the Public Utilities Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Woodfin D. Robinson, William E. Stillwell* and *Kiper & Fulling,* for appellant.

*Edgar Durre, Clifford T. Curry* and *Caleb J. Lindsay,* for appellee.

Erwin, J.—This appeal is prosecuted from a judgment of $10,000 in favor of appellee for personal injuries sustained by him by reason of coming in contact with a street car of appellant. Appellant is a corporation operating a line of cars in the city Evansville. Appellee was a fireman in the employ of the city of Evansville.

The assignment here presents two alleged errors, viz.: (1) The error of the court in overruling the demurrer to the complaint; and (2) in overruling the motion for a new trial.

The complaint is in one paragraph and alleges, in substance, that on January 12, 1913, appellant was engaged in operating street cars on Second avenue in the city of Evansville; that the cars were propelled by electricity; that on said date there was in force in said city an ordinance permitting fire apparatus to be hauled through said city without any limit as to speed and providing that the drivers of all other vehicles should give the right of way to such fire apparatus; that there was also in force in said city an ordinance regulating the speed of

electric cars and limiting them to eight miles an hour in the thickly settled streets and to fifteen miles per hour over any other street; that there was on said date an ordinance in force requiring cars operated by electricity to be first class and the equipment to be strictly first class; that it had been the custom for many years in said city, and it was the duty of the operators of all cars running over the streets to run the same slowly and carefully and to keep the same under control at the approach of all street intersections whenever a fire alarm was sounded; and for the purpose of apprising the operators of such street cars that there was an alarm of fire and danger of collision with fire apparatus at street intersections, electric light globes were installed at various points along said street car track, which globes lighted automatically when an alarm of fire was turned in. The complaint further alleges that on said January 12, 1913, appellant unlawfully and negligently operated a defectively equipped, second-class electric car through, in and along Second avenue, which street was a thickly settled street, at a high and dangerous rate of speed, and in excess of the speed limit as fixed by the ordinance of said city, without sounding a bell or otherwise giving any warning of its approach, thereby injuring plaintiff in the manner thereinafter described; that on said date, and for many years prior thereto, appellee was in the employ of the city as fireman and was riding on a hook and ladder truck on his way to a fire; that in order to reach the fire it was necessary for said apparatus to cross Second avenue on which appellant's cars were being operated; that while said hook and ladder truck was in the act of crossing said street on Franklin street, in a thickly populated portion of the city, appellant's servants

negligently and unlawfully, and in violation of said ordinance and custom aforesaid, ran and propelled a second-class, inefficiently equipped car, the property of appellant, upon and against said fire apparatus upon which appellee was riding, overturning the same and pinioning appellee underneath it, breaking appellee's jaw on the right side of his face and dislocating the lower jaw on the left side, knocking out appellee's molar teeth, injuring and bruising his body and limbs, which resulted in loss of speech; that by reason of his injuries and suffering therefrom he has become a nervous and physical wreck; that his memory has been impaired; that by reason of his injuries he was confined to the hospital for a number of weeks; that he required medical attention for a long time and will require medical attention for a number of years to come; that his face has been disfigured and distorted, and the lower jaw has become dead, dumb and paralyzed; that the servants of appellant were in the line of their employment and knew, and by the exercise of ordinary care could have known, that there was a fire in said city and that there was danger of said car colliding at the intersection of said streets with the fire apparatus; that, at the time, the automatic red lights stationed along said car were burning brightly thereby signifying that there was a fire in said city, and that the car which injured appellee had passed the same; that notwithstanding said signals and knowlehge of the same on the part of the servants of appellant they unlawfully, negligently and recklessly ran the car at a high and dangerous rate of speed along said street and across said intersection in excess of the speed limit of said city, and failed to keep the car under control so as to avoid collision with said fire apparatus so crossing said street; that said servants

in charge of the car, by the exercise of ordinary
care and prudence, could have seen the approach
of the fire apparatus upon which plaintiff (appellee)
was riding in ample time to stop the car and avoid
the collision, but they negligently failed to do so;
that said injuries were caused solely by reason of
the negligence of defendants and their servants.
Then follows a prayer for relief.

The specifications of the demurrer are: That the
complaint was insufficient for the reason that it
did not show the violation of any duty on the part
of appellants toward appellee; that it did not show
any negligence on the part of appellant; that it did
not show that any negligence of appellant was a prox-
imate cause of the injury complained of; that the
complaint failed to show any negligence of appel-
lant in the operation of the car at the time of the
alleged injury; that the complaint failed to show
that appellant was at the time and place in ques-
tion operating the car at a rate of speed in viola-
tion of any ordinance of the city regulating the
speed of cars; that the complaint showed upon its
face that appellee was guilty of contributory negli-
gence; that it showed plaintiff guilty of negligence
which proximately contributed to his injury; that
the complaint failed to show that at the time and
place of the alleged injury appellee took any pre-
cautions to avoid the collision or prevent the acci-
dent; that the complaint showed upon its face
the appellee could have avoided the accident by
the exercise of ordinary care as the wagon on which
he was riding approached the track; that the com-
plaint shows that the accident resulted wholly
from the negligence of the driver of the wagon.
This demurrer was overruled.

We are of the opinion that the complaint is not

subject to the infirmities claimed by appellant. It shows that appellee was in the discharge of a duty and in a place where he had a lawful right to be; that appellant was at the time of the accident violating a city ordinance as to the speed of the car; that appellant's servants were violating a duty in not stopping its car when it had notice, by reason of the red lights burning along its track, that a fire was somewhere in the city; that the ordinance provided that the drivers of all other vehicles on the streets were compelled to give the right of way to the fire apparatus; that while so operating its car in violation of the ordinance it came in contact with the wagon on which appellee was riding with such force as to overthrow it, not withstanding that it weighed 3,500 pounds; and that by reason of said acts appellee was injured.

The violation of a statute or the ordinance of a city is negligence *per se. Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 305, 102 N. E. 21; *Cincinnati, etc., R. Co.* v. *Baltimore R. Co.* (1911), 50 Ind. App. 283, 98 N. E. 304. The complaint charges a duty owing by appellant, not only to appellee but to all persons upon the street, which it is alleged to have violated and by reason of its violation appellee was injured. The demurrer was properly overruled.

The motion for a new trial assigns as causes therefor that the verdict is not sustained by sufficient evidence and is contrary to law; that the court erred in giving certain instructions of its own motion; the giving of certain instructions tendered by appellee; the refusing to give certain instructions requested by appellant; that the damages are excessive; that certain evidence was improperly

admitted, and that certain other evidence sought to be introduced on cross-examination by appellant was improperly excluded.

In the order presented by appellant our attention is first called to what is an alleged error in allowing the witness Goff to testify as an expert and give an opinion on the question as to the distance in which a car could be stopped going at a certain speed per mile. Appellant contends this was error for the reason that the witness had not sufficiently qualified as an expert. No standard exists by which to determine the qualifications of an expert witness. *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 7 N. E. 743, 57 Am. Rep. 82. The knowledge of the witness may be very limited in relation to the matter about which he is called to testify, and the cross-examination disclose that his evidence was wholly without weight. It is not the competency of the witness about which appellant complains so much as the weight of the testimony given. The weight of the testimony of a witness is a matter for the consideration of the jury, and this may be determined with reference to the extent of his knowledge and experience. *Isenhour* v. *State* (1901), 157 Ind. 517, 528, 62 N. E. 40, 87 Am. St. 228; *Parker* v. *State* (1894), 136 Ind. 284, 288, 35 N. E. 1105; *City* v. *Hudnut* (1887), 112 Ind. 542, 550, 13 N. E. 686. The question as to when a witness is qualified to give an opinion as an expert is in the discretion of the trial court, and this will not be disturbed unless it is shown that the court abused that discretion. We are of the opinion that the court did not err in that regard, as there was some evidence of his qualifications to testify as an expert.

It is next insisted that the court erred in permitting appellant to read a certain question and answer thereto contained in the deposition of one Dr. Gilbert for the reason that it assumes as proven facts about which there is no evidence.

The opinion of an expert, when sought on a hypothetical question, should be based on facts which the evidence in the case tends to prove. *Elliott* v. *Russell* (1884), 92 Ind. 526; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908. When there is evidence tending to prove a certain fact or facts either by direct proof or by logical inference, a matter which is in the discretion and sound judgment of the trial court, the court may permit the expert witness to give an opinion on the state of facts as shown by the evidence introduced. It is for the jury to determine finally whether the facts as stated in the hypothetical question have been established by a fair preponderance of the evidence in determining what weight will be given to the testimony of such expert witness.

It is insisted by appellant that instructions Nos. 1, 6, 8 and 10 given by the court of its own motion are erroneous, for the reason that, in legal effect, the same are peremptory, but fail to mention the element of contributory negligence. We do not construe these instructions to be peremptory, as they do not assume to direct the verdict or set out all the facts necessary to a recovery. It is only where an instruction assumes to set out all the elements necessary to a recovery that the omission of any essential element will condemn the instruction. *Shirley Hill Coal Co.* v. *Moore* (1913), 181 Ind.

513, 517, 103 N. E. 802, and cases cited. These instructions must be construed in connection with all the instructions given and if, taken as a whole, they correctly state the law, they are not to be considered erroneous. The elements of contributory negligence were fully stated in appellant's instruction No. 13 and by instructions Nos. 7, 14, 16, 17, 18, 23 and 24 given by the court on its own motion. Instruction No. 9, given at the request of appellee, is attacked for the same reason assigned to those heretofore considered, and what has already been said as to those is applicable to this one.

It is insisted by appellant that the element of the last clear chance is not involved in this cause, in that the evidence does not present such a case, and hence instruction No. 11 was erroneous. Instruction No. 11 reads as follows: "If the jury find from a fair preponderance of the evidence that the motorman failed to exercise reasonable care after it became apparent to him that a collision with the fire apparatus was likely to occur, and by reason of such failure of the motorman to exercise such reasonable care to avoid such collision the plaintiff was injured, your verdict should be for the plaintiff even though you may find that the driver of the fire apparatus and plaintiff were negligent in attempting to drive over the tracks."

The case of *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 577, 96 N. E. 973, 98 N. E. 1091, presents a very able exposition on the subject of the last clear chance. Under the principles there declared we are constrained to hold that the evidence presents a case where the doctrine of the last clear chance may be applied, and consequently instruction No. 11 was properly given. See, also, *New York, etc., R. Co.* v. *Ault*

(1913), 56 Ind. App. 293, 297, 102 N. E. 988. In the latter case it was said: "The duty which arises under the various conditions to which this doctrine has been held to apply is a duty to exercise reasonable care and to use reasonable judgment and prudence to prevent injuring the party who by his own fault or negligence has exposed himself to danger. After such a condition arises, the party owing the special duty may intentionally and wilfully injure the party exposed to danger, or he may negligently fail to use proper care and judgment to avoid injuring him. In the former case he would be guilty of wilful injury, but in the latter case he would be guilty of negligence."

There was evidence in the case which tended to prove that the motorman knew that the hook and ladder truck was coming upon the track and about to cross the track of appellant on Second avenue when the car was at such a distance from the crossing that it could, in the exercise of ordinary care, have been stopped in time to avoid the injury to appellee.

It is claimed that instructions Nos. 1, 5, 8 and 10 given by the court on its own motion are erroneous for the reason that each of them submits to the jury the question whether appellant was operating a defective car at the time of the accident without any evidence on which to base the same. There was some evidence that the car was defective in that it was shown that the car failed to come to a stop when the power was reversed, or the breaks set. *Louisville, etc., Traction Co.* v. *Short* (1907), 41 Ind. App. 570, 575, 83 N. E. 265. If there is some evidence, however slight, which presents to the jury an issue of fact, it was not improper to instruct the jury as to the law governing such facts. One of the averments of the complaint was that the company at the time of

the accident was operating a defective car. It is insisted that instruction No. 5 is further objectionable because it tells the jury that the negligence charged is the proximate cause of the injury. We are unable to see in said instruction wherein it can be subject to this construction. It, in a general way, told the jury what the allegations of the complaint were without attempting to indicate the causes of the injury to appellee.

Instruction No. 23 is assailed on the grounds that it directed a verdict for appellee. This instruction could not be so construed. It reads as follows: "If every material allegation of the complaint is sustained by a preponderance of the evidence, and including some one or more of the acts of negligence charged, you should find for the plaintiff, unless you also find from the evidence that the plaintiff was guilty of contributory negligence therein."

It is insisted that in seven different instructions—Nos. 12 and 13, given by the court on its own motion, and Nos. 3, 7, 9, 10, and 11, given at the request of appellee—the court called the attention of the jury to the duty of the motorman in approaching the street crossing, and that he should have exercised care in its operation. A needless repetition of the same instruction may be error as unduly emphasizing a particular matter and thus place improper importance to the same, but we fail to see wherein these instructions are subject to that criticism. Instruction No. 12 told the jury that it was the duty of the motorman to carefully and prudently run his car and to keep a constant watch ahead for teams going upon said tracks, and to use due care to keep the car under control so as to be able to slacken speed, if necessary

to avoid known or apparent danger. Instruction No. 13 told the jury that the fact that the track was wet or slippery would not excuse such due care to control his car. Instruction No. 3 told the jury if his failure to exercise the proper care in looking for vehicles and if he negligently failed to slacken the car, and that if this failure resulted in injury to plaintiff, and that plaintiff was not guilty of contributory negligence, he would be entitled to recover. Instruction No. 7 told the jury that if it had been a custom for a number of years for the street car company to give the right of way to the fire apparatus, and that the driver of said apparatus knew of said custom, then the driver had a right to assume that the motorman of the approaching car would exercise ordinary care to control his car upon discovering the approach of such fire apparatus and give the right of way. Instructions Nos. 9, 10 and 11, given at the request of appellee, are in a measure a repetition of instructions given by the court, although stated in slightly different language, but we are not inclined to hold that the giving of them constituted reversible error as they were correct statements of the law. Instructions Nos.

17. 12, 13, 14, 15, 17 and 18 given at appellee's request are also complained of for the same reason. Each of these instructions treat of some different phase of the elements of damages and are not objectionable on account of repetition.

18. Instruction No. 20, given by the court on its own motion, is criticized for the reason, as alleged, that it called attention to the ordinances and failed to explain them. This instruction was more favorable to appellant than it was entitled to, for it told the jury that, under these ordinances, the fire apparatus had no superior right to the street, when in fact the ordinance

provided, "That *all* drivers of all vehicles shall be required to give place and room to steam fire engines, hose carriages, hook and ladder carriages and all other fire apparatus," etc.

As to the question of the evidence sustaining the verdict, it is apparent that there is some evidence on every material allegation of the complaint and this court cannot weigh it to determine its preponderance.

As to the damages being excessive, we cannot say at first blush that they are. It is admitted that appellee was injured but appellant claims that the evidence shows that he was not injured to the extent found by the jury. This was a matter within the province and power of the jury to determine, and unless it is apparent that it acted from an improper motive or was improperly influenced, or that it based its verdict on improper elements, this court cannot disturb the judgment. *Jeffersonville Mfg. Co.* v. *Holden, supra; Winona, etc., R. Co.* v. *Rousseau* (1911), 48 Ind. App. 248, 253, 93 N. E. 34, 1028. No reversible error being presented, the judgment is affirmed.

NOTE.—Reported in 112 N. E. 775. Liability of street railway company for injuries caused by collision with fire apparatus, 19 L. R. A. (N. S.) 623. Violation of statute as constituting negligence, 9 L. R. A. (N. S.) 339; 9 Ann. Cas. 840; Ann. Cas. 1913E 1100; 29 Cyc 436. See under (9), (10) 38 Cyc 1778, 1781. Violation of police ordinance as ground for private action, 5 L. R. A. (N. S.) 251, 253. Invasion by court of province of jury, 14 Am. St. 36. Excessiveness of verdict in actions for personal injuries, L. R. A. 1915F 30, 297.