WILLIAM H. BAYLISS, as Administrator, etc., Plaintiff, *v.* INTERNATIONAL RAILWAY COMPANY, Defendant.

(Supreme Court, Erie Special Term, June, 1919.)

**Negligence — street railways — evidence — trial — veildict.**

> Where in an action to recover for the death of a boy killed by a trolley car the evidence shows that after the accident the fender failed to operate when kicked by persons who tried to test it and there is no claim that the motorman tried the

appliance before starting on his run, it is a question for the jury to find whether the device was out of order and if so whether it was the proximate cause of death and whether it was negligent to run the car with the fender out of order.

Although it appears that the boy ran suddenly in front of the car and that the motorman had no opportunity to stop, yet, as there was sufficient evidence to carry the question of negligence in regard to the fender to the jury, their verdict in plaintiff's favor will not be disturbed on a motion for a new trial.

MOTION for a new trial after a verdict for the plaintiff.

Olin- T. Nye, for motion.

Dana L. Spring, opposed.

WHEELER, J.    This action was brought to recover damages for the death of the plaintiff's son, a child of five years who was run over and killed by one of the defendant's trolley cars operating westerly on Hertel avenue in the city of Buffalo.

The court would deem it its duty to set aside the verdict in this case save for one circumstance which will be discussed later.   We are impressed with the fact that the plaintiff's intestate darted directly in front of the car by which he was hit and run over.   We think this was so suddenly and quickly done that the motorman had no opportunity of stopping the car or avoiding the collision.   The evidence in the case in that regard is so preponderating in favor of the defendant that the court had serious doubt as to the propriety of submitting that question of fact to the jury at all. In any event the evidence is so overwhelming in favor of the defendant that were the disposition of this case to turn on the question as to whether the motorman

exercised reasonable care in the operation of his car the court would be compelled to set aside a verdict for the plaintiff predicated on such a finding.

There is some claim the brakes were not properly adjusted, and did not properly operate. The evidence to establish that fact is very unsatisfactory and not conducive, and we think the evidence is to the effect that they worked properly. The court is of the opinion that the collision could not have been avoided by the most perfect of brakes. There remains, however, one fact or circumstance and alleged ground of negligence which requires serious attention. It is claimed that the life-saving appliance or fender was out of order and did not operate. This appliance consists of two strips of wood fastened to iron pieces projecting down from the bottom of the front platform; and so arranged that when these strips come in contact with an object on the tracks it operates levers connected with a catcher just behind, and causes this catcher to fall to the top of the rail. The object in question falls upon or is picked up by the catcher and is thus prevented from coming in contact with the wheels of the car. The evidence tends to show that after this accident occurred this safety device failed to operate when kicked by persons who tried to test it. It is claimed by the plaintiff that had this safety appliance operated properly it would have picked up the boy and prevented his going under the wheels of the car and thus saved his life.

The court left it to the jury to find as matter of fact whether or not the safety appliance was or was not out of order; if it was, whether that was the proximate cause of the death of the intestate, and also whether or not it was negligent to run the car when the appliance was out of order, there being no claim that the motorman tried the appliance to see whether it operated when he started out on his run.

The question is whether the court was correct in leaving these questions to the jury for their determination, and was right in its ruling in that regard. The plaintiff cites the case of *Love* v. *Detroit, J. & C. R. Co.*, 170 Mich. 1, where the facts were quite like those here presented. The court there said: " This court will take judicial notice of the fact that it is the custom of electric railway companies operating their cars in the public streets to equip them with fenders or some similar device, and that their object is the protection of the public engaged in ordinary business or travel upon the streets, whence arises a duty on the part of the defendant as averred in the declaration and charged by the court," which were to the effect that it was the duty of the company to equip its cars with fenders so " that in the event of striking any such child upon said crossing said child would be picked up by and would fall upon such fender, and thus avoid the serious injury of any such child."

In the Michigan case there was the absence of any fender whatever. In this case the fender was present, but the evidence tended to show it was out of order and did not operate. If the obligation to provide a fender exists then of course there exists the duty to keep it in condition to properly work.

The trial court was not prepared to follow the Michigan case entirely, did not charge the jury as a matter of law, it was the duty of the defendant to provide proper fenders but it left for the jury to say as a matter of fact whether the omission so to have a fender in proper working condition constituted negligence on its part, and whether the accident causing the child's death would have happened had such a fender been present.

We think this rule of law as laid down at the trial

is the one which must prevail, and is the one generally recognized by the courts of this and other states.

In the case of *Fritsch* v. *New York & Queens County .R. Co.*, 93 App. Div. 554, the Appellate Division of the first department held that negligence may be predicated on the omission of a street railway company to provide its cars with such safeguards as a fender, where the jury is satisfied from the evidence that the injury would have been prevented by the use of such a safeguard.

In *Hogan* v. *Citizens Railway Co.*, 150 Mo. 36-48, the court held the simple declaration in a complaint of a failure to provide a street car with a fender does not state a cause of action for negligence, saying, however, in the course of its opinion that " it is ordinarily a question for jury as to whether or not the street railway company was negligent in regard to the equipment of the car which caused the injury, as whether it was properly equipped with appliances for controlling or stopping it, or whether it was negligence to operate the car without a fender."

To the same effect are the cases of *Fisher* v. *Waupaca El. L. & R. R. Co.*, 141 Wis. 515; *Gross* v. *O. & C. R. Co.*, L. R. A. (1915) 741; *Henderson* v. *Durham Traction Co.*, 132 N. C. 779; *Louisville & Southern Traction Co.* v. *Short*, 41 Ind. App. 570.

In view of these authorities we are of the opinion that the trial court did not err in the submission of the case to the jury, or the instructions it gave as there was sufficient evidence to support the finding that the life guard appliances or fenders were out of order and did not properly operate.

The motion for a new trial must, therefore, be denied.

Motion denied.