Doan *v.* E. C. Atkins & Co.—184 Ind. 678.

NOTE.—Reported in 111 N. E. 614.   See under (1) 3 C. J. 1416, 2 Cyc 1016; (2) 3 C. J. 1416, 2 Cyc Anno 1013; (3) 6 Cyc 661; (4) 6 Cyc 661, 662.

## DOAN *v.* E. C. ATKINS & COMPANY.

[No. 22,932.   Filed February 1, 1916.   Rehearing denied April 27, 1916.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Promise to Repair.—Assumption of Risk.*—Where a servant's injury is alleged to have been caused by the use of a defective appliance induced by the master's promise to repair, the doctrine of assumed risk is eliminated.   p. 679.

2. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Assumption of Risk.—Statutes.*—Under §8029 Burns 1914, Acts 1899 p. 231, a servant assumes no risk in working with unguarded machinery that is dangerous and could be properly guarded. p. 679.

3. MASTER AND SERVANT.—*Injuries to Servant.—Obedience to Order.—Contributory Negligence.—Assumption of Risk.—Statutes.*—Under §8020a Burns 1914, Acts 1911 p. 145, where a servant is injured by the negligence of an employer having more than five persons in his employ, while obeying an order of such employer, neither contributory negligence nor assumed risk is available as a defense. p. 679.

4. MASTER AND SERVANT.—*Injuries to Servant.—Obedience to Order.—Evidence.—Directing Verdict.—Review.*—Where a paragraph of complaint in a servant's action for personal injuries alleged that the injury occurred by reason of defendant's negligence while plaintiff was obeying an order of defendant who had more than five persons in its employ, and there was evidence from which the jury might have inferred that plaintiff's injury was proximately caused by defendant's negligence, and that at the time plaintiff was obeying defendant's order to which he was obliged to conform, and that defendant was employing more than five persons, the court erred in directing a verdict for defendant.   p. 680.

From Superior Court of Marion County (89,894); *Charles J. Orbison,* Judge.

Action by Claud Doan against E. C. Atkins & Company.   From a judgment for defendant, the plaintiff appeals.   (Transferred from the Appellate

Court under §1405 Burns 1914, Acts 1901 p. 590.). *Reversed.*

*George W. Galvin* and *L. Wm. Curry,* for appellant. *John B. Elam, J. W. Fesler, Harvey J. Elam,* and *Howard S. Young,* for appellee.

MORRIS, C. J.—Appellant sued appellee, a corporation, for damages for personal injuries. The cause was submitted to a jury for trial, but at the close of appellant's evidence the court directed a verdict for appellee. This action constitutes the alleged error on which appellant relies. The complaint is in three paragraphs, in each of which it is averred that appellant was injured while adjusting an alleged defective die constituting a part of a machine used in making saws. The first paragraph proceeds on the theory of injury caused by use of a defective appliance induced by the master's promise to repair, thereby eliminating the doctrine of assumed risk. *Inland Steel Co.* v. *Gillispie* (1914), 181 Ind. 633, 638, 104 N. E. 76; *McFarlan Carriage Co.* v. *Potter* (1899), 153 Ind. 107, 53 N. E. 465. The second paragraph avers that the accident happened while appellant was working on a dangerous machine which was, in violation of the factory act (Acts 1899 p. 231, §8029 Burns 1914), not properly guarded. Under this act the servant assumes no risk in working with unguarded machinery that is dangerous and could be properly guarded. The third paragraph alleges that the injury occurred to appellant because of appellee's negligence while appellant was obeying an order of appellee who had more than five persons in its employ. This paragraph is drawn under the Employer's Liability Act of 1911. Acts 1911 p. 145, §8020a *et seq.* Burns 1914. Under this paragraph of complaint neither contributory

negligence nor assumed risk constitutes a defense. *Vandalia R. Co. v. Stillwell* (1914), 181 Ind. 267, 104 N. E. 289.

There was evidence from which the jury might have inferred that appellant's injury was proximately caused by appellee's negligence, and

4. that when injured appellant was obeying appellee's order to which he was obliged to conform, and that at the time appellee had in its employ more than five persons. Consequently as to the third paragraph, the court erred in directing the verdict. As the judgment must be reversed we do not consider the question of contributory negligence applicable to the first and second paragraphs of complaint. Judgment reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 111 N. E. 312. See under (1) 26 Cyc 1209; (2) 26 Cyc 1180; (3) 26 Cyc 1180, 1229.