## THE AMERICAN LIABILITY COMPANY *v.* GODDARD.

[No. 14,435.   Filed February 16, 1933.]

*Hugh D. Wickens* and *Gates Ketchum,* for appellant.
*Tremain & Turner* and *Titsworth & Titsworth,* for appellee.

KIME, P. J.—This was an action by appellee, the beneficiary named in a policy of insurance issued to James C. Goddard, deceased, a son of appellee, to recover from appellant under said policy for the accidental death of said policy holder.

The complaint was in one paragraph, to which was attached the policy as an exhibit.   There was a demurrer alleging insufficient facts, with memoranda saying that there was a failure to allege that proof of loss had been filed sixty days prior to commencement of suit and that suit was prematurely brought, it being filed less than sixty days from either death or proof of loss.   This demurrer was overruled.   Then followed a general denial and a second paragraph of answer setting up viola-

tions of policy provisions in that appellee's decedent met his death while violating the law in several particulars, viz.: driving while intoxicated, transporting liquor, driving at a high and dangerous rate of speed, and intoxication. Then followed a jury trial with a verdict for appellee in the sum of $888.00. Motion for a new trial, which was overruled, and a judgment rendered on the verdict.

The errors properly assigned and presented were the overruling the demurrer and the overruling the motion for a new trial. The reasons in the motion for a new trial were: (1) verdict contrary to law; (2) verdict not sustained by sufficient evidence; and (3) error in the assessment of the damages in that it was too large.

From the evidence it appears that decedent, in company with a friend, left Greensburg about 8 p. m. and went to Millhousen to a dance. About 8:30 p. m. decedent had one drink of some kind of "bootleg" liquor. Many persons who attended the dance testified that decedent was not drunk. About midnight decedent and his friend left the dance for Greensburg, the friend driving the car. The road was winding and unfamiliar to either. There were many cars returning to Greensburg from the dance and the car in which decedent was riding, on approaching a bridge immediately after a sharp turn in the road, ran into the balustrade of the bridge, causing the injuries which were fatal to decedent.

The death occurred September 21, 1927, and on October 18, 1927, the company denied all liability as alleged in the complaint. The complaint was filed October 22, 1927.

The demurrer was properly overruled. The denial of liability waived the proof of loss and consequently any right to rely upon such a provision. The action was not prematurely brought, as after denial of liability it could be brought any time. *New*

*Amsterdam Casualty Co.* v. *New Palestine Bank* (1915), 59 Ind. App. 69, at p. 76, 107 N. E. 554.

There is ample evidence to sustain the verdict █ and hence this assignment must fail. Now, is the verdict contrary to law?

The assessment of the amount of recovery is not too large. The interest was calculated more favorably to appellant than the facts warranted. The interest █ est was certainly payable from the date of denial of liability, and as we have figured the interest it should have been more than given by the jury. *Globe Life Ins. Co. of Illinois* v. *Miller* (1932), 94 Ind. App. 289, 180 N. E. 689, at p. 691.

Finding no reversible error the judgment of the Rush Circuit Court is in all things affirmed and it is so ordered.