STINEBAUGH *v.* LUCID.

[No. 15,382. Filed March 23, 1937. Rehearing denied June 16, 1937. Transfer denied September 23, 1937.]

*Roy W. Adney,* and *James L. Murray,* for appellant.

*Thomas D. McGee,* and *Scifres & Hollingsworth,* for appellee.

BRIDWELL, P. J.—This appeal is from a judgment in

favor of appellee against appellant, entered in an action brought by the appellee to recover damages for personal injuries sustained by her and alleged to have been caused by the negligence of appellant. An answer of general denial was filed to the complaint. The cause was tried to a jury, and a verdict in favor of appellee in the amount of $2,500 was returned upon which judgment was rendered. Appellant filed a motion for a new trial, which was overruled, to which ruling he excepted; and thereafter perfected this appeal, assigning as error the overruling of said motion.

The motion for a new trial asserts as causes therefor, among others, that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; that the damages assessed are excessive; and that the court erred in giving to the jury instruction numbered 5, tendered and requested by the appellee. Other errors alleged in the motion are not discussed in appellant's brief, and it is upon the claimed errors mentioned that he relies for reversal.

The complaint is in three paragraphs, each containing averments alleging substantially that on or about the 6th day of January, 1933, appellee was crossing Meridian Street at the intersection with Fourteenth Street in the city of Indianapolis, Indiana, and that both of said streets on said day were public streets and highways in said city; that the intersection of said streets is in a thickly populated part of said city, and frequented by a large number of people, vehicles, and traffic; and that there was situated in the middle of said intersection a "stop and go" signal, being an electrical contrivance for the guidance of traffic, and to secure the safety of passengers and pedestrians, which was so constructed that it flashed a green light as a signal for traffic to move in the direction of such light, and a red light as a signal for traffic approaching such

light to stop; that plaintiff had occasion to cross Meridian Street at said intersection, and started to do so when the green light indicated that it was safe for her to proceed, and when said signal showed a red light indicating that traffic on Meridian Street should stop; that as she proceeded across Meridian Street at said intersection, the appellant was driving an automobile on said street, northward, and approaching said Fourteenth Street; that while she was crossing, a number of automobiles going north on Meridian Street had stopped at Fourteenth Street waiting for the signal to proceed northward, and as she proceeded across Meridian Street and the east half thereof, automobiles were stopped at said intersection waiting for the signal for them to proceed northward; that she proceeded carefully and at a reasonable rate of speed to cross said Meridian Street, and passed in front of two or three automobiles that had stopped at said intersection, and just as she passed from in front and beyond the automobiles which were waiting for the signal to go north, the defendant drove his car to the east and to the right of the automobiles stopped at said intersection, and negligently, and carelessly, without warning or signal, and in a reckless manner, drove his automobile at a dangerous rate of speed beyond said parked automobiles just as plaintiff was passing, striking her and knocking her to the ground with great force and violence, wounding, bruising, and injuring her internally and externally; and that she received permanent and lasting injuries, etc.

Substantially the same allegations are contained in each paragraph of the complaint, but the third paragraph differs from the other two in that it pleads an ordinance of the city of Indianapolis regulating traffic, and alleges negligent conduct on the part of the appellant in failing to comply with the provisions of such ordinance, said provisions being as follows:

"Section 15. PEDESTRIANS' RIGHT OF WAY: (a) The operator of any vehicle or street car shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided; but at all places a pedestrian having lawfully started across a street at an intersection shall have the right of way until such pedestrian has reached the opposite side of the street.

"(b) Whenever any vehicle has stopped at a marked crosswalk or at any intersection to permit a pedestrian to cross the roadway, it shall be unlawful for the operator of any other vehicles approaching from the rear to overtake and pass such stopped vehicle."

No question is raised as to the sufficiency of either paragraph of complaint to state a cause of action.

There is but little conflict in the evidence on the material facts, and ample evidence to prove facts which we summarize as follows: At the time of the accident appellee, accompanied by another lady, was proceeding across Meridian Street in the city of Indianapolis, Indiana, on foot, traveling in that portion of said street allocated to pedestrians for the purpose of crossing the street. The place where she attempted to cross was at the intersection of Meridian Street, which runs north and south, with Fourteenth Street, which runs east and west. She and the lady with her approached Fourteenth Street from the south on the west side of Meridian Street, and intended to cross to the east side of said street. In the center of the intersection was located an electrical "stop and go" signal to control traffic. Meridian Street is one of the principal streets of said city, and much traveled. Appellee waited on the sidewalk adjacent to the southwest corner of said intersection until the traffic signal flashed "go" for east and west traffic,

when she started across the street, walking in the space designated by lines for the use of pedestrians. Automobiles proceeding north on Meridian Street had stopped in obedience to the traffic signal, and were waiting the "go" sign to proceed. Appellee and the lady crossing at the same time had reached a point beyond the center of the street, had passed in front of one of the automobiles, and were walking eastward when the signal changed, indicating that north and south bound traffic might proceed, but they had not yet reached the east curb line of Meridian Street. The automobiles headed north remained stationary so that they might safely pass. In the meantime appellant was approaching this intersection from the south driving his automobile, and had observed the other automobiles in said street and knew they were stopped, awaiting a change in the signal. He saw that the signal was changing to "go" for north and south traffic, and that the automobiles mentioned, which he was approaching from the rear, had not moved forward. He did not stop as he approached these cars, but steered his car to the right and to the east side of the other vehicles, passing them and proceeding northward until his car struck and injured appellee. He then stopped. Appellant at that time was lying in the street to the left of the front door of his car, and he and the lady accompanying appellee assisted her to arise and enter appellant's automobile. She was then driven by appellant to her home.

A copy of the city ordinance in the words and figures as pleaded and set forth in the third paragraph of the complaint constitutes a part of the evidence.

With reference to the injuries there is evidence to prove that prior to the accident appellee was in good health and served others as a "practical nurse" earning when so engaged approximately $35.00 per week; that as a result of the accident she sustained injuries to her

kidneys, pelvis, uterus, and in the abdominal region; that the eighth and ninth ribs were torn loose from the cartilage next to the spine and also next to the breast bone; that for a period of three months she was attended daily by a physician who, each day, "bandaged" and "strapped" her body in places, on account of the injuries she had sustained; that she has suffered an impaired memory; that she can no longer do the work required of a practical nurse; that since the accident she is highly nervous, suffers frequent pains, and her ribs and back are still sore, and she still wears bandages and receives medical attention.

Appellant's contentions that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, and that the damages assessed are excessive, are not sustained by the record, and we cannot agree with either of them. Whether appellant was guilty of negligence as alleged in the complaint, and whether appellee was guilty of any negligence which contributed to her injuries were questions of fact for the jury to determine, and by its general verdict it has answered such questions adversely to the contentions made. After considering the evidence we are of the opinion that the jury was fully justified in so doing, and there is ample evidence to sustain the verdict. We see no merit in the claim that the damages assessed are excessive. The amount of the verdict is not such as to cause us to believe that the jury was actuated by any improper motive, and there is nothing in the record to show or indicate any prejudice or partiality which influenced the jury in reaching the verdict returned.

Appellant also contends that the court erred in giving to the jury instruction numbered 5, requested by appellee. That part of the instruction which is challenged as being erroneous is as follows:

"And if you find from a fair preponderance

of the evidence in this case that the plaintiff, Catherine Lucid, was rightfully crossing Meridian Street, at the crossing of the same with Fourteenth Street, and that the defendant, while operating his automobile in a northerly direction on Meridian Street failed to observe due care and ran his automobile at and against the plaintiff, the defendant was guilty of negligence, and if you further find by a preponderance of the evidence that such negligence on the part of the defendant was the proximate cause of the injuries complained of then your verdict should be for the plaintiff."

It is claimed that this instruction is mandatory; that the giving of it constitutes error "because it does not negative the element of contributory negligence, and takes from the jury the consideration of contributory negligence." The instruction is not to be commended, and it is subject, in part, to the criticism offered. However, it does not necessarily follow that the judgment herein must be reversed because of its having been given. By other instructions the jury was informed as to what constitutes contributory negligence, and was told in plain and concise language that any negligence on the part of appellee which helped to "bring about or produce the damage complained of" would prevent a recovery by appellee, and require a verdict for appellant. In the charge given by the court to the jury, the following admonition also appears: "You will bear in mind that the court cannot in any one instruction cover the entire law of the case. The instructions must be considered as a whole, and are to be considered in connection with each other."

The initial point of inquiry with which we are faced while considering whether the giving of said instruction 5 constitutes reversible error is "Was the jury misled?" See *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 184 N. E. 583, and cases there cited. In the instant case we have no difficulty in answering this query

negatively. After considering the entire charge given to the jury, we find nothing therein to induce the belief that the jury could have been either confused or misled by instruction numbered 5, when it is considered together with the other instructions given in the cause, but, to the contrary, the jury must have understood that if, from the evidence before it, it found that the plaintiff (appellee) had been guilty of any act of negligence which in any way helped to bring about the injuries for which she sought to recover damages, that their verdict should be for the defendant (appellant).

From an examination of the record in its entirety we are convinced that the merits of this case have been fairly tried and determined in the trial court.

Finding no reversible error, the judgment is affirmed.

Curtis, J. concurs in result.

Laymon, J. dissents.