## Prudential Insurance Company of America v. Robbins

[No. 16,716.    Filed December 23, 1941.]

174

*Edward E. Meyer, Isadore J. Fine* and *Frederick P. Bamberger,* all of Evansville, for appellant.

*Elmer Q. Lockyear, Theodore Lockyear* and *Charles J. Eichel,* all of Evansville, for appellee.

BLESSING, J.—The appellant, an insurance corporation organized under the laws of the State of New Jersey, entered into two insurance contracts with Claude S. Robbins on the 11th day of December, 1933. In each contract the appellant (defendant below) agreed to pay the beneficiary, Bessie A. Robbins (plaintiff below and appellee herein), the sum of $600 and an additional $600 in event of death by accidental means. The said Claude S. Robbins died on the 6th day of December, 1938, and thereafter the appellant paid to appellee, Bessie A. Robbins, the ordinary death benefit but refused to pay the accidental death benefit.

Subsequently the appellee brought this action to recover the sum of $600 under the accidental death benefits clause on each of the two insurance policies. The complaint was in two paragraphs. The issues were closed by appellant's general denial, and the case was tried to a jury. A verdict resulted in favor of the appellee in the amount of $600 and interest at 6% on each policy. A motion for a new trial was filed which was overruled, and the overruling of this motion con-

stitutes the only assignment of error. The specifications set forth in the motion for new trial are:

1. The verdict of the jury is not sustained by sufficient evidence;

2. The verdict of the jury is contrary to law; and

3. Errors of law occurring at the trial which were excepted to by appellant.

These errors involve rulings upon the admissibility of certain evidence, upon motions to strike out some of the answers of certain witnesses, upon the exception to the giving of instruction number 8, tendered by plaintiff, and the ruling upon the motion, at the conclusion of all the evidence, for a peremptory instruction directing the jury to return a verdict in favor of the defendant.

The complaint alleged that the appellant insurance company entered into two insurance contracts with Claude S. Robbins on December 11, 1933, which policies contained accidental death benefit clauses; that the said Claude S. Robbins regularly paid the premiums due; that upon the 6th day of December, 1938, while said insurance policies were in force, the said Claude S. Robbins died as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means of which there was a visible contusion or wound on the exterior of his body; that his death occurred within 90 days after having received such accidental injury; and that within thirty days thereafter, the plaintiff had furnished defendant with proof of said accidental death. It is further alleged in the complaint that the said Claude S. Robbins and the plaintiff have performed all the conditions of the insurance contracts on their part to be performed.

A stipulation was entered into by the parties, which stipulation admitted the issuance of the two insurance policies, and also admitted that the policies were in force on the 6th day of December, 1938. It was further stipulated that the defendant had paid to the plaintiff the ordinary death benefit provided in said policies but had declined to pay the accidental death benefit which was provided for in the policies in the following provision:

"The amount of Accidental Death Benefit specified on the first page hereof shall be payable in addition to the Face amount of Insurance immediately upon receipt of due proof that the death of the Insured occurred during the continuance of this Policy, and prior to its maturity as an Endowment, while there was no default in the payment of premium, as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days of the accident, provided, however, that no Accidental Death Benefit shall be payable if the death of the Insured resulted from suicide, while sane or insane; or from being in military or naval service in time of war; or from operating, or riding, in any kind of submarine or aircraft, whether as a passenger or otherwise; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form. If the Face Amount of Insurance shall become payable in instalments on account of the total and permanent disability of the Insured these provisions as to Accidental Death Benefit shall become null and void immediately when said Face Amount of Insurance shall have been paid."

There was testimony at the trial to the effect that Robbins was a foreman of a service crew of the C. &

E. I. Railroad Company and that one night during the latter part of November, 1938, while he was shoving cars down the track, his foot slipped off the rail. Frank Finney, a witness for appellee, testified that it could have been only his left side which hit the apparatus on the freight car because he was standing that way. Robbins' wife and stepson testified that around the latter part of November, they saw a red welt on Robbins' body, near his heart. There was also testimony to the effect that from the latter part of November until December 6th, when he died, Robbins complained of pain in his chest and around his heart.

Appellant contends that the verdict of the jury was not sustained by sufficient evidence and was contrary to law because there was no evidence in the record showing that appellee at any time furnished to appellant due proof, or any proof, that the death of the insured was caused by external, violent and accidental means as required by the insurance policies.

Appellee alleged in her complaint and it was then stipulated that appellant had payed the ordinary death benefit provided in the insurance policies but had declined to pay the accidental death benefit. Although no date is given as to when this declination to pay was made, since it was alleged in the complaint, we may assume that it was made before suit was brought.

Appellant contends that its declination to pay was not a denial of liability. But if appellant were refusing to pay on the ground that no proof of loss had been furnished it should have so stated. We think that a general declination to pay is equivalent to a general denial of liability.

The principle is old and thoroughly established that when a party denies liability under a contract, the per-

formance of conditions precedent, such as proof of loss, is waived on the ground that the law will not require a thing to be done which the party entitled thereto has excused, or given notice that it will be unavailing. This principle applies to insurance as well as other contracts. *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 76 N. E. 977; *American Liability Co.* v. *Goddard* (1933), 95 Ind. App. 691, 184 N. E. 304. However, in order to have a waiver, the denial of liability by the insurance company must be made within the time fixed for furnishing the proofs of loss. *Ohio Farmers Ins. Co.* v. *Vogel, supra.*

The policies involved in this suit did not fix a period of time within which the proofs of loss should be furnished. Said policies provided that the accidental death benefit would be payable immediately "upon receipt of due proof" that death resulted from accidental means. In the absence of any provision in the policy relating to the time for presenting to the company the proofs of loss, the law requires that such proofs must be made within a reasonable time. *Metropolitan Life Ins. Co.* v. *People's Trust Co.* (1912), 177 Ind. 578, 98 N. E. 513; *Metropolitan Life Ins. Co.* v. *Henry* (1940), 217 Ind. 33, 24 N. E. (2d) 918. What is a reasonable time depends upon the circumstances in each particular case. *Metropolitan Life Ins. Co.* v. *Johnston* (1938), 214 Ind. 1, 12 N. E. (2d) 755. Where the facts constituting diligence are in dispute, what is a reasonable time is a question for the jury, but where the facts are not in dispute, what constitutes a reasonable time is a question of law for the court. *Metropolitan Life Ins. Co.* v. *Frankel* (1915), 58 Ind. App. 115, 103 N. E. 501. The facts in the case at bar are undisputed. Robbins died on the 6th day of December, 1938, suit was begun on February 20, 1939, and a denial of liability was made at some time in between these two

dates. The policies here sued upon provide for ordinary death benefits and the company had had notice of the death of the assured. In view of this fact, it cannot be said as a matter of law that the two and a half months which elapsed from the time of the death of the assured until the time that the suit was commenced would constitute an unreasonable length of time within which to make proof of loss. Since the insurance company denied liability within the time in which proof of loss could have been furnished, it waived its right to the proof of loss.

Appellant further contends that the verdict of the jury was not sustained by the evidence and was contrary to law because there was absolutely no evidence in the record showing that the death of appellee's insured was caused by accidental means except the testimony of a doctor given in answer to certain hypothetical questions.

In order to overthrow a judgment on the ground of insufficiency of the evidence, the burden is on appellant to establish that upon the consideration of all of the evidence most favorable to appellee, with all of the legitimate and reasonable inferences that the jury might deduce therefrom, it is of such a character as to present a question of law, and not one merely of fact. *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 73 N. E. 990; *Klingaman* v. *Burch* (1940), 216 Ind. 695, 25 N. E. (2d) 996. There was evidence to the effect that Robbins slipped while manipulating an angle cock preparatory to shoving cars down the track and that he fell against some part of a freight car, that a red welt was noticed on his body, and that thereafter and until the time of his death, he complained of pain around his heart. From these facts and the medical testimony with respect to such a blow

in the region of the heart, we think that the jury might reasonably infer that Claude S. Robbins died as a result of accidental means.

Since there was evidence having legal weight and from which legitimate inferences could be drawn which would tend to support the appellee's right to recover, the question as to whether or not Robbins died as a result of accidental means was one for the jury, and the court did not err in overruling the defendant's motion for a peremptory instruction in its favor. *Rush* v. *Coal Bluff Mining Company* (1891), 131 Ind. 135, 30 N. E. 904; *Doan* v. *E. C. Atkins & Co.* (1916), 184 Ind. 678, 111 N. E. 312.

Appellant also assigns as error the court's action in giving to the jury instruction number 8 tendered by the appellee. Appellant contends under this assignment of error that said instruction was erroneous as a matter of law, and prejudicial to the appellant, for the reason that said instruction was a mandatory instruction and there was omitted therefrom a necessary element of the proof required from appellee, namely: "that appellee furnish due proof of loss to appellant of the death of the insured by external, violent and accidental means." Since appellant had denied liability on the policy before suit, the appellee was relieved from the necessity of either alleging or proving that she had made proof of loss as required in the policy in order to entitle her to recover. *Provident Life & Acc. Ins. Co.* v. *Fodder* (1935), 99 Ind. App. 556, 193 N. E. 698. Therefore proof of loss was not an essential element and it was not error to omit it from said instruction.

Appellant contends that the court erred in refusing to strike out certain parts of answers given by witnesses. Appellee's counsel asked the witness Schrepfer

the following question: "Do you recall what date you had a conversation with Mr. Robbins during the latter part of November, 1938?"; to which question the witness answered: "It was every night after he was hurt." Appellant moved to strike out that part of the answer that "he was hurt" because there was no evidence showing Robbins had ever been hurt. The testimony of Frank Finney to the effect that Robbins slipped and it must have been his left side that hit the apparatus of the freight car and the testimony of other witnesses as to the red welt on his body constitutes sufficient evidence on which to base an answer that he was hurt. Furthermore that part of the answer which stated "after he was hurt" merely fixed a time and was not prejudicial to appellant.

Appellee's counsel asked the witness Vernon Brown the following question: "Did he say where he suffered pain?"; to which question the following answer was given: "He showed several of us. A group around us opened his chest up. He had a patch over his heart and he said his rib was probably broken." Appellant moved to strike out this answer. The record does not show that appellant objected to the question propounded by appellee's counsel. Since Vernon Brown was not present at the time the deceased slipped off the rail, appellant could have anticipated that the answer would pertain to a conversation made some time after the alleged date of the accident. A party cannot allow a question to be asked and thus take his chances of a favorable answer, and, if the answer does not please him, move to strike it out. He must object to the question, and his failure to do so will be a waiver of his right to strike it out. *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001. In addition, a portion of this answer was competent and the motion to strike being

directed to the entire answer, the ruling of the court was not error.

Appellant's final complaint is based on two hypothetical questions propounded to a doctor, an expert witness. The appellant objected to these questions because they assumed a number of facts not proven by any competent evidence in the record. We think that there was competent evidence upon each fact assumed. When there is evidence tending to prove a certain fact or facts either by direct proof or by logical inference, a matter that is in the discretion and sound judgment of the trial court, the court may permit an expert witness to give an opinion on the state of facts as shown by the evidence introduced. It is for the jury to finally determine whether the facts as stated in the hypothetical questions have been established by a fair preponderance of the evidence in determining what weight will be given to the testimony of such expert witness. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775.

Finding no reversible error, the judgment is hereby affirmed.

NOTE.—Reported in 38 N. E. (2d) 274.