HEALEY, ADMR. *v.* HEALEY ET UX.

[No. 18,314. Filed December 11, 1952.]

*Miller & Babcock*, of Logansport, for appellants.

*O'Neill & O'Neill*, of Logansport, for appellees.

CRUMPACKER, J.—The appellees claimed compensation for services rendered one Lawrence Healey, deceased. Their claim was filed against his estate, transferred to the trial docket of the Cass Circuit Court and tried to a jury which allowed the same in the sum of $5,000. Judgment went accordingly. All errors charged to the trial court have been specifically waived by the appellant except those involving the admission of certain testimony the damaging effect of which, the appellant contends, resulted in an excessive verdict. The services rendered the decedent by the appellees

covered a period of 17 years and consisted of food pur-
chased for his sustenance, the preparation of his meals,
automotive transportation upon request, laundering his
clothes and bed linen, keeping his bed and bedroom.
clean and orderly, and practical nursing during the
later years of his life when he was bedfast.

The first instance of the admission of alleged im-
proper testimony is as follows: Clint Heiny, a wit-
ness for the appellees, testified that he operated
a store at Lake Cicott for 22 years during which
time the appellees were his customers. He was
then asked, "What did they buy from you?" The appel-
lant interposed the following objection: "Defendant
objects to the question for the reason it does not prove
or disprove any of the issues in this case. What he
may have sold the claimants does not prove that the
old gentleman ate it." This objection was overruled
and the witness answered, "Just bought general gro-
ceries to live on." One of the items of the appellees'
claim is for board of the decedent for 17 years and
although the testimony in question did not directly
prove that issue we think it is a circumstance the jury
might properly consider. This is true in view of the
testimony of Lawrence R. Healey and Charles J.
Healey, Jr. to the effect that their grandfather, the
decedent, never bought any food for the family of
which they all were members and that their father,
one of the claimants, bought it all. But even though
we considered the questioned testimony entirely im-
proper the record presents no reversible error. It was
admitted over the general objection "that it does not
prove or disprove any of the issues in this case" which
the Supreme Court has said is not sufficiently specific
to present any question for review because it in no
way indicates that the proffered testimony was other-

wise prejudicial. *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812.

The witness Basil Healey was asked on direct examination, "Do you know of your own knowledge who purchased the groceries for the home in which you lived?" His answer was, "Yes." And the next question was, "Who did purchase them?" To this the appellant objected on the grounds that the witness could testify only as to transactions that occurred in his presence and his information was to other purchases was necessarily hearsay. This objection was overruled, properly so we think, and the witness answered, "My father, Mr. Carl Healey." There was nothing in the situation that indicated that the question called for hearsay testimony. If the witness' "own knowledge" was based in whole or in part on hearsay that fact should have been developed on cross-examination after which a motion to strike would have been appropriate. *Ross* v. *The State* (1894), 9 Ind. App. 35, 36 N. E. 167.

The same witness was subsequently asked, "During the 10 year period I am questioning you about tell the jury what you observed about your grandfather's disposition?" There was no objection to this question and the witness answered, "My grandfather was a very bossy man." The appellant then moved the court to strike out the answer "as being a conclusion of the witness" which motion was overruled. If the question called for a conclusion of the witness an objection for that reason should have been interposed and the failure of the appellant to so object waived his right to have the answer stricken. *Prudential Ins. Co. of America* v. *Robbins* (1941), 110 Ind. App. 172, 38 N. E. 2d 274. The appellant contends however that the question called for a recital by the

witness of the things he had heard and seen the defendant do and say during the 10 year period involved and therefore was a proper question to which no objection could be made. The witness' answer, the appellant insists, was his conclusion based on matters he should have first related to the jury so that it would have been afforded some measure by which the probative value of his conclusion could be determined.

In our opinion there are two things wrong with this contention. In the first place the question clearly called for the witness' composite impression or conclusion in respect to the decedent's disposition based on observation over a period of 10 years. It must be born in mind that the decedent's disposition is not the main issue in this case as is the testator's soundness of mind in a will contest. At best it is but a remotely collateral issue and the court could not be required to devote the time necessary to listen to all the things the testator said and did over a period of 10 years bearing on the question of his disposition and could very properly confine the inquiry to the opinions of those who had special knowledge on the subject. In the second place, the conclusion falls within an exception to the general rule that the opinions and conclusions of lay witnesses are objectionable. Where one's conclusion as to the disposition of another is made up of a myriad of impressions gained over a long period of observation of which no verbal recital is adequate to place all the details before a jury a lay witness is permitted to express an opinion in reference thereto. *Western & Southern Life Ins. Co.* v. *Danciu* (1940), 217 Ind. 263, 26 N. E. 2d 912, 27 N. E. 2d 763.

As the appellant's contention that the verdict is excessive rests upon the assumption that it was influenced by a consideration of improper evidence as above

discussed and having concluded that there was no error in the admission of such evidence we see no reason for further comment.

Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 101.