BURKS *v.* WALTERS.

[No. 18,777. Filed April 29, 1957.]

*Roland Obenchain, Jr., Roland Obenchain, Sr.,* and *Jones, Obenchain & Butler,* of South Bend, for appellant.

*Kizer & Neu,* of Plymouth, and *Mehl & Mehl,* of Goshen, for appellee.

COOPER, J.—This is an appeal from a judgment in an action for damages alleged to have been sustained upon a complaint brought by the appellee, Norma Jean Walters, against the appellant, Ione Burks, wherein the appellee recovered a judgment for alleged personal injuries sustained in an automobile collision which occurred at the intersection of State Road No. 19 and Heaton Lake Road in Elkhart County, Indiana.

Issues were joined upon the appellant's answer in three paragraphs, the first put the appellee on proof as to all allegations of negligence and damages contained in the amended complaint; the second alleged that the appellee's negligence proximately caused or contributed to the alleged collision and her alleged injury; the third, alleged that the appellee's husband's conduct was the sole proximate cause of such collision and the injury. To each of the last two paragraphs of answer the appellee filed a reply in denial. The appellant also filed a counterclaim in two paragraphs. The second paragraph of said counterclaim was dismissed. The appellee filed an answer in two paragraphs to the first paragraph of the appellant's counterclaim.

The cause was tried by jury, and the jury resolved all of the controversial issues in favor of the appellee and assessed her damages in the amount of Five Thousand ($5,000.00) Dollars, and judgment was rendered against the appellant on her counterclaim.

Thereafter, the appellant filed her motion for new trial, which was overruled by the trial court, and this appeal followed.

The only error assigned is that the trial court erred in overruling the appellant's motion for a new trial.

Grounds for the appellant's motion for a new trial, not specifically waived by a failure to present the same in appellant's brief are: (1) The verdict is not sustained by sufficient evidence; (2) The verdict is contrary to law; (3) And error in the court's refusal to give appellant's requested instructions numbered 8, 9, 12 and 20 and in the giving of appellee's instructions 2, 3, 4, 6, 9, 11, 12, 19, 20 and 21 over the appellant's objections; (4) The damages are excessive; (5) The court erred in admitting certain testimony of the appellee.

The appellant, in Specifications 1 and 2 of the motion for new trial charges that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. Rhetorical paragraph five of the appellee's complaint charges the appellant defendant with seven separate and several acts of negligence in the operation of the automobile by the appellant, in this:

(a) She failed to reduce the speed of her automobile as she approached the intersection of Cassopolis Road and Heaton Lake Road but on the contrary was accelerating the speed of her automobile as she approached said intersection.

(b) That she was attempting to pass another motor vehicle as she approached said intersection of Cassopolis Road and Heaton Lake Road.

(c) That she failed to keep a proper lookout for other automobiles approaching said intersection and particularly failed to keep a proper lookout for the automobile in which plaintiff was riding and which was approaching said intersection from the east as the defendant was traveling in a northerly direction.

(d) That she failed to have her motor vehicle under control as she approached said intersection.

(e) That she drove her said automobile at a greater speed than was reasonable and prudent in regard to the density of the traffic, the condition of the roadway, and the approaching of an intersection, to-wit: Forty-five miles an hour.

(f) That she failed to use reasonable care to avoid a collision with the automobile in which plaintiff was riding by either sounding her horn, applying her brakes, or turning her car in an effort to avoid a collision.

(g) That she failed to yield the right-of-way to the automobile in which plaintiff was then and there a passenger as the two vehicles approached said intersection.

The argument advanced by the appellant is that there was no evidence whatsoever that the appellant drove her automobile into the automobile in which the appellee was riding. This proposition as advanced by the appellant cannot prevail, as it is a well-established rule of law that it is not necessary for the plaintiff to prove each and every charge of negligence alleged. It is the law that if the plaintiff has proven any one of the acts of negligence alleged in the complaint by a fair preponderance of the evidence and that such act of negligence so proven was the immediate and proximate cause of the collision resulting in the plaintiff's injuries, and, if the plaintiff was free from any contributory negligence, then the plaintiff would be entitled to recover. *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 508, 98 N. E. 2d 200.

The appellant contends that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. The evidence concerning the occurrence of the accident is conflicting, and, therefore, the question of negligence and proximate cause were for the jury. The evidence most favorable to the appellee was sufficient to present to the jury the question whether appellant was guilty of actionable

negligence as herein shown by the concise statement of the evidence. The jury so found, and the question must be regarded as settled. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Tabor* v. *Cont. Baking Co.* (1941)', 110 Ind. App. 633, 641, 38 N. E. 2d 257.

This court will not weigh the evidence. We may look only to that evidence and the reasonable inferences therefrom most favorable to the appellee. *Sims Motor Transport Lines* v. *Davis, Admx.* (1955), 126 Ind. App. 344, 130 N. E. 2d 82; *Thompson* v. *Dyar* (1955), 126 Ind. App. 70, 130 N. E. 2d 52; *Armstrong Cork Co.* v. *Maar* (1953), 124 Ind. App. 105, 119, 111 N. E. 2d 82; *Kempf* v. *Himsel, supra.*

A concise recital of the evidence most favorable to the appellee is as follows:

A collision occurred at the intersection of Cassopolis Road, also referred to as State Road No. 19, and Heaton Lake Road, which intersection was north of the city limits of Elkhart, Indiana; that State Road No. 19 runs in a northerly and southerly direction and Heaton Lake Road runs in an easterly and westerly direction; that immediately before the collision, the appellant, Ione Burks, was driving an Oldsmobile 98 in a northerly direction on State Road No. 19, and William Walters, the husband of the appellee, was driving a Pontiac automobile in a westerly direction on Heaton Lake Road; that State Road No. 19 from the city limits of Elkhart to the intersection in question was posted with speed limits of forty (40) miles per hour; that there was a stop sign on the Heaton Lake Road approach to said intersection, which was located thirty (30) feet east of State Road No. 19; that William Walters stopped the Pontiac automobile before entering on State Road No. 19; that a collision occurred with appellant's Oldsmobile in the middle of the intersection; that appellant was driving in excess of the posted speed while passing a pick-up truck and a

tractor trailer loaded with an excavating crane as she approached the intersection; that she drove her car on the left side of the road within a distance of one hundred feet (100′) of said intersection; that she did not look for automobiles approaching from the east until she was within eight or ten feet from the intersection; that she did not sound her horn, apply her brakes, or turn her car, either to the left or to the right, in an effort to avoid the collision; that appellant, appellee and appellee's husband were all thrown out of the automobiles onto the ground and only appellee's child, Barbara Walters, still remained in the Pontiac automobile after the car came to a rest; that the right front of the Oldsmobile collided with the left front of the Pontiac; that appellee's husband, William Walters, was killed as a result of the collision; that appellee was rendered unconscious and remembered nothing of the collision or of what happened immediately before the collision; that the Pontiac automobile was titled in the name of the appellee; that a previous automobile had been purchased by the appellee while her husband was in the service, and, upon his return, when a new car was purchased, it was taken in the name of the appellee and the plates transferred; that payment on the Pontiac involved in the collision were made from joint funds of appellee and her husband while they both worked and by her husband alone from April to September after appellee quit working in April; that her husband drove the automobile from Bremen, where they lived, to Kingsbury Ordinance Plant, where he worked, each day and at the time of the collision, appellee's husband was driving the car on Labor Day looking for a place to fish in the lakes around Elkhart and appellee and her daughter Barbara went along for the ride.

Appellant predicates error in the giving of appellee's instructions numbered 2, 3, 4, 6, 9, 11, 12, 19, 20 and 21

and in refusing to give appellant's instructions numbered 8, 9, 12 and 20. The question presented by such specification of error arrives out of the contention of appellant that the Pontiac automobile in which appellee was riding at the time of the accident in question was titled in her name, and that there are undisputed facts showing an investment of her separate property in such automobile, and that the alleged owner's presence in the automobile warrants the reasonable inference that at the time of the collision, the right of control was in the owner, and that the negligence of appellee's husband should be imputed to her. The appellant asserts that the instructions complained of were infected with appellee's erroneous conception that the appellee's husband's negligence was not imputable to her, and further contends that the only way such alleged error could have been cured was by a withdrawal of such instructions.

It becomes necessary for us to examine the record and the instructions given in the light of appellant's contention. The undisputed evidence shows that appellee was riding in a car, titled in her name, and driven by her husband; that the husband drove the car whenever and wherever he pleased, and on the date in question, which was Labor Day, he was driving the car for his own pleasure to find a lake where he might fish, and that his wife and daughter went along for the ride.

Appellant tendered instructions 12, 16 and 18, all of which were given by the court. These instructions presented questions to the jury as to the ownership of the Pontiac automobile and whether or not appellee was controlling or had the right to control her husband in the operation of the automobile, and embodied the rule as laid down in the case of *Louisville & N. R. Co.* v. *Revlett* (1946), 224 Ind. 313, 65 N. E. 2d 731, wherein the Supreme Court said,

"As to when negligence will be imputed in a case

of this kind, an eminent authority has said, 'The negligence of the driver is said to be imputed to the passenger where the passenger controls or has the right to control the movement of the vehicle in which he is riding, or where the driver and the passenger are engaged in a common enterprise, or where the driver is engaged in an enterprise of any kind for the use and benefit of a passenger, and is subject to his control.' Blashfield's Cyclopedia of Automobile Law, Vol. 2, p. 1145. This statement of the law is approved and quoted in the case of *Chesapeake & O. R. Co.* v. *Warnock's Admrx.* (1930), 232 Ky. 340, 23 S. W. 2d 558."

Appellant's instruction number 2 given by the court is as follows:

"I instruct you that if you find from a fair preponderance of the evidence that the plaintiff's husband was driving the car owned by the plaintiff for her and at her request and that she controlled his operation of the car or had the right to control it, then he was her agent in such operation and his negligence, if any you find, was her negligence."

Appellant objects to the instructions tendered by appellee and given by the court which were in substance to the effect that if appellant and appellee's husband were both guilty of negligence which was the proximate cause of the collision that appellee could still recover if she herself was free of contributory negligence.

Under the instructions tendered by appellant and given by the court were included the words following references to control and right to control, that if "she controlled the operation of the car or had the right to control it, then he was her agent in such operation and his negligence, if any you find, was her negligence." Therefore, under the instructions tendered by appellee and given by the court a condition was stated requiring that she herself be free of contributory negligence. It would be clearly apparent, therefore, under appellant's

theory of the case and the instructions as given by the court that she would not be free of contributory negligence if *"his negligence was her negligence"*, if her husband was operating as her agent. (Our emphasis). Juries are composed of men and women of reasonable intelligence and understanding, and courts recognize that they are able to understand the import and meaning of the instructions given to them.

The rule is firmly established that if, "considering all of the instructions together, it fairly appears that the law was stated with substantial accuracy, so that the jury could not have been misled, no ground for reversal is presented, even though a particular instruction, or some detached portion thereof may not be precisely accurate." *Cooper* v. *The State* (1889), 120 Ind. 377, 22 N. E. 320; *Hamling* v. *Hildebrandt* (1948), 119 Ind. App. 22, 81 N. E. 2d 603; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777; *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *Stinebaugh* v. *Lucid* (1937), (T. D. 1937), 103 Ind. App. 690, 7 N. E. 2d 69; *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313; *Yellow Cab Co.* v. *Kruszynski* (1935), (T. D. 1935), 101 Ind. App. 187, 196 N. E. 136; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228. As stated in Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §1510(6), "Instructions given in a case must be considered as a whole and with reference to each other and not as isolated individual instructions." *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N. E. 2d 75. Also, in 5 C. J. S., p. 1172, §1779, it is stated, "To warrant a reversal for refusal of a declaration of law, it must appear that the principle covered by the declaration re-

quested has either not been covered by other declarations or that it has been incorrectly declared and the Appellate Court will not ordinarily take notice of the refusal unless the record discloses that the court proceeded on a fundamentally erroneous theory."

An examination of the foregoing instructions given and those refused does not disclose either an incorrect declaration of any legal principle nor that the case was tried on an erroneous theory.

Appellant has assigned further error based on the contention that there was no evidence to sustain a finding that the appellant negligently failed to yield the right-of-way, and that the trial court erred in refusing to give appellant's instruction number 9 which would have withdrawn that issue from the jury. The appellant urges that the oldsmobile and not the Pontiac had the right-of-way and that the physical facts and circumstances surrounding the collision would lead only to the reasonable conclusion that there was no evidence to sustain a finding that the appellant negligently failed to yield the right-of-way.

From the facts in the record heretofore recited in this opinion it seems clear that a question of fact was presented for the jury's consideration as to whether or not the appellant negligently failed to yield the right-of-way, and the trial court did not err in refusing to give appellant's requested instruction number 9. *H. E. McGonigal, Inc.* v. *Etherington, supra.*

The appellee insists that the damages awarded are excessive; in view of the general economic conditions, the seriousness of appellee's permanent injury (which might be corrected by surgery according to the medical testimony), the appellee's pain and suffering, we cannot say, as a matter of law, that the Five Thousand ($5,000.00) Dollar verdict was based upon prejudice or passion, or evidence not in the record.

In *Dallas and Mavis Forwarding Co., Inc.* v. ■ *Liddell* (1955), 126 Ind. App. 113, 126 N. E. 2d 18, this court held:

"Regardless of what our view may be as to the amount of the verdict, we cannot substitute our view for that of the jury unless it clearly appears that the amount is so large it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption, or other improper considerations. *Pohlman* v. *Perry* (1952), 122 Ind. App. 222, 103 N. E. 2d 911; *Kawneer Mfg. Co.* v. *Kalter* (1917), 187 Ind. 99, 101, 102, 118 N. E. 561." (Also see *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 561, 114 N. E. 2d 873.)

We believe that the evidence submitted to the trial court over the objection of the appellant concerning the pain suffered by the appellee in connection with ■ the birth of a child several months after the accident was clearly improper. However, the record presents no reversible error. The objections to the testimony was "on the basis that it is not within the issues formed by the complaint and answer" and "same objection. Not material".

The Supreme Court and our court have said such objections are not sufficiently specific to present any question for review because it in no way indicates that the proffered testimony was otherwise prejudicial. *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812; *Healey, Admr.* v. *Healey* (1952), 123 Ind. App. 155, 157, 158, 109 N. E. 2d 101.

Judgment affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 141 N. E. 2d 872.